Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1995 | **DATE** | 3/21/2013 |
| **CASE TITLE** | Martin Olbera (#2012-1115140) v. Officer Michalczewski, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted, and the initial partial filing fee is waived. The trust fund officer at Plaintiff's current place of incarceration is ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated below. The Clerk is directed to send a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff is given 30 days from the date of this order to show cause why his action should not be dismissed for failure to adequately exhaust administrative remedies prior to filing suit. If Plaintiff fails to comply, this case will be dismissed.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff, Martin Olbera, presently in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on February 3, 2013, he was subjected to excessive force by Defendant Michalczewski. Plaintiff alleges that Defendant Michalczewski placed him in a head lock and slammed his head into a metal window frame, causing a gash over Plaintiff's right eye requiring stitches. Defendant Dart is named, presumably in his supervisory capacity.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted and his initial partial filing fee is waived. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983. Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the Court is directed to dismiss a suit brought with

**(CONTINUED)**

AWL

| **STATEMENT** |
|---|

respect to prison conditions if the Court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

To satisfy the PLRA's exhaustion requirement, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, it appears on the face of the complaint the Plaintiff could not have exhausted his administrative remedies prior to filing suit. Plaintiff affirmatively pleads that the actions and inactions underlying his complaint began on February 3, 2012. Plaintiff signed his complaint on February 7, 2013. He attaches a grievance form that is signed by the counselor on February 8, 2013. However, there is no evidence that Plaintiff completed the grievance process to its conclusion, including appeals, prior to filing suit on March 14, 2013. Accordingly, it seems clear from the face of Plaintiff's complaint that he can not have exhausted the administrative remedies prior to filing suit.

However, the Court will provide Plaintiff an opportunity to establish exhaustion, before dismissing this suit. Plaintiff is ordered to show cause in writing, within thirty days of the date of this order, why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing suit. Failure to adequately establish exhaustion will result in this case being dismissed without prejudice to Plaintiff filing a new complaint, once he has exhausted.